UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SERENA R. SHARP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:13-cv-01888-DKL-WTL ) |
| CAROLYN COLVIN, | ) ) ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Serena R. Sharp ("Sharp") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Sharp's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED.**

### I. BACKGROUND

#### A. Procedural History

Sharp filed applications for DIB and SSI in April 2011, alleging an onset of disability of September 3, 2008. [Dkt. 17-2 at 13.] Sharp subsequently amended her onset of disability date to November 13, 2010. Sharp's applications were denied initially on August 8, 2011, and upon reconsideration on December 8, 2011. [Id.] Sharp requested a hearing, which was held on September 21, 2012, before Administrative Law Judge Thomas Wang ("ALJ"). The ALJ denied Sharp's application on October 4, 2012. [Dkt.

17-2 at 11.] The Appeals Council denied Sharp's request for review of the ALJ's decision on October 11, 2013, making the ALJ's decision final for purposes of judicial review. Sharp filed her Complaint with this Court on November 27, 2013. [Dkt. 1.]

### B. Factual Background and Medical History

Sharp was born on December 19, 1967 and was 44 years old on the date of the hearing. Sharp has an eleventh grade education. She has past relevant work as a fast food cashier and short order cook. Although her most recent substantial gainful activity was a fast food position at Meijer in 1999, Sharp has held multiple short term jobs including retail cashier, telemarketer and home health worker. She testified that she is unable to work due to shooting pain in her back and right hip as well as urinary pain and bladder spasms.

The ALJ found Sharp suffers from the severe impairments of obesity, interstitial cystitis, degenerative disc disease, migraines, polyarthralgia and angina pectoris. As the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Sharp requests review.

## II. **LEGAL STANDARDS**

### A. Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

> Step One: Is the claimant currently employed;
>
> Step Two: Does the claimant have a severe impairment or combination of impairments;
>
> Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
>
> Step Four: Can the claimant perform his past relevant work; and
>
> Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c)(2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Sharp v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

### III. DISCUSSION

Sharp claims the ALJ committed errors that require reversal of the Commissioner's decision. Specifically, Sharp contends the ALJ erred when he: (1) failed to account for all of Sharp's physical impairments in the RFC; and (2) failed to define the frequency of Sharp's restroom breaks in the hypothetical for the VE.

#### A. Residual Functional Capacity

Sharp first argues the ALJ's RFC failed to adequately account for her difficulty sitting, bending, need for a cane and the need to leave her workstation for regular restroom breaks. Specifically, Sharp asserts the ALJ acknowledged she has these

4

difficulties, but rejected them without explanation. The RFC provides for sedentary work with "occasional" stooping, kneeling and crouching, a 15-minute limit on standing/walking and no limit on sitting. It also specifies Sharp should be permitted short bathroom breaks of 10 minutes and be allowed to be off-task for up to five percent of the workday to account for the additional bathroom breaks.

The Court agrees with Sharp that given the medical evidence and her testimony, the ALJ was required to discuss how her physical limitations affected the RFC determination. "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion" and cannot "ignore entire lines of contrary evidence." *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). Here, the ALJ credited evidence documenting Sharp's difficulty sitting and need for frequent bathroom breaks but failed to connect this evidence to the RFC. For example, the ALJ found Sharp's roommate's report that Sharp could not sit or lie down for prolonged periods without back pain to be credible because it was consistent with her testimony and the objective evidence. Yet the RFC allowing "sedentary" work included no limitation on the amount of time Sharp could spend sitting, or an explanation as to why the ALJ thought Sharp could sit for the majority of a work day. The ALJ also incorporated an accommodation to be off-task for up to five percent of the workday for the additional bathroom breaks Sharp testified she needed, but does not explain how he arrived at that percentage or cite supporting medical evidence of the need for bathroom breaks from the record.

The Commissioner argues that despite a significant number of doctor's visits, Sharp offered no treating source opinion that assessed her limitations. In other words, the ALJ's RFC was sufficient because there was no evidence suggesting greater limitations were required. This can be a persuasive argument when it is presented by the ALJ. *See Castile v. Astrue*, 617 F.3d 923, 930 (7th Cir. 2010) ("The ALJ found it illuminating and persuasive on its face that none of Castile's doctors opined that she was unable to work.") But the ALJ in this case did not make this argument; therefore, it is unavailable to the Commissioner. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943) (limiting judicial review of agency proceedings to ground identified in agency's decision). An ALJ must articulate in a rational manner the reasons for his RFC assessment and in reviewing that determination the court must confine itself to the reasons supplied by the ALJ. *Getch v. Astrue*, 539 F.3d 473, 481-82 (7th Cir. 2008). The government's tendency to supply its own reasoning for the ALJ's determination has become one of the Seventh Circuit's most frequent criticisms of social security appeals. *See Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (collecting cases criticizing the Commissioner for violating *Chenery* doctrine and warning that practice is sanctionable.)

Turning back to the ALJ's reasoning, the Court finds error in the RFC assessment in two respects. First, the ALJ's assignment of an RFC for sedentary work requiring Sharp to be able to sit for six hours a day does not address the evidence he credited showing she cannot tolerate sitting for prolonged periods of time. Second, the RFC included an allowance for additional bathroom breaks, but failed to specify how many or how long those breaks need to be or cite any medical evidence supporting the allowance. These

6

errors prevent the Court from examining the "logical bridge" between the evidence and the ALJ's conclusion that Sharp has the capacity to perform work as outlined by the RFC.

**B. <u>Hypothetical to the Vocational Expert</u>**

Sharp next argues the ALJ erroneously failed to define her need for frequent bathroom breaks for the vocational expert ("VE"). In the opinion, the ALJ's RFC determination includes an allowance for "short bathroom breaks of 10 minutes" and "off task for 5% of the work day to allow her to take additional bathroom breaks." [Dkt. 17-2 at 25.] During the hearing, however, the ALJ listed those allowances in separate hypotheticals. In one hypothetical, he provided for being off-task for five percent of the work day, without specifying the need for additional bathroom breaks. The VE responded with three categories of sedentary jobs available. When the ALJ added four short bathroom breaks of ten minutes each, the VE testified that no jobs would be available. "Not at a loss of 40 minutes of productivity each day," the VE testified. [Dkt. 17-2 at 62.]

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC determination must incorporate all of the claimant's limitations supported by the medical record. *See O'Connor–Spinner v. Astrue,* 627 F.3d 614, 619 (7th Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical."); *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Here, the ALJ received different responses from the VE to the hypotheticals allowing for either time to be off-task or take additional

7

bathroom breaks. But rather than continue to explore the issue with the VE to determine what jobs may be available for a person with Sharp's bladder impairments, the ALJ combined the hypotheticals in his final RFC determination without further explanation. The Commissioner argues that since the record does not establish ongoing treatment for bladder issues, the ALJ's five percent off-task accommodation – in addition to normal lunch and break times -- was sufficient to allow Sharp for bathroom breaks. Again, had the ALJ articulated this reasoning it may have constituted substantial evidence to support his RFC. But distinctly missing from the opinion is any medical support for the need for additional bathroom breaks or an explanation for how the ALJ arrived at five percent of the work day as the proper amount of time to accommodate Sharp's bladder impairment. As discussed above, the Commissioner cannot now supply this reasoning. *See Chenery*, 318 U.S. at 87-88.

## IV. CONCLUSION

The ALJ's decision is being reversed primarily because he failed to properly evaluate the evidence. It is the job of the ALJ, not the court, to weigh the evidence, resolve conflicts, and determine whether the claimant is disabled. *Lechner v. Barnhart*, 321 F. Supp. 2d 1015, 1037 (E.D. Wis. 2004). Therefore, the Commissioner's decision is **REVERSED** and **REMANDED** with instructions to (1) re-evaluate Sharp's RFC to determine whether her physical impairments, particularly an inability to sit for prolonged periods and need for additional bathroom breaks, render her disabled; and (2) provide a complete hypothetical to the VE.

SO ORDERED.

Date: 03/04/2015

_Denise LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov